# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| KAY HICKS, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case Number: 6:14-cv-00448-JHE |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Kay Hicks ("Hicks") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). Hicks timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

## I. Factual and Procedural History

Hicks was a thirty eight year old female at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 168). Hicks completed the ninth grade, (tr. 70), and obtained her certified nursing assistant certificate, (tr. 182). Hicks previously worked as a cashier, baker, certified nursing assistant, and food assembler. (Tr. 80-81).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

Hicks filed her applications for a period of disability, DIB, and SSI on January 26, 2011, and January 24, 2011. (Tr. 44). The Commissioner initially denied Hicks' application, and Hicks requested a hearing before an ALJ. (Tr. 97-98). After a hearing, the ALJ denied Hicks claim on November 13, 2012. (Tr. 44-58). Hicks sought review by the Appeals Council, but it declined her request on February 26, 2014. (Tr. 1-7). On that date, the ALJ's decision became the final decision of the Commissioner. On March 14, 2014, Hicks initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Hicks last met the insured status requirements of the Social Security Act on December 31, 2013, and that Hicks did not engage in substantial gainful activity from the alleged onset date of October 30, 2008. (Tr. 46).  At Step Two, the ALJ found Hicks has the following severe impairments: lumbosacral disc disease, cervical disc disease, arthritis, asthma, migraine headaches, obesity, anxiety disorder, and adjustment disorder with depressed mood.  (*Id.*).  At Step Three, the ALJ found Hicks does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 49).

Before proceeding to Step Four, the ALJ determined Hicks' residual functioning capacity ("RFC"), which is the most the claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ determined Hicks has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with specified limitations.   (Tr. 52).   She can only

occasionally climb and stoop, she must have no exposure to continuous vibrations, she cannot work around unprotected heights, she must have no exposure to extremes of pulmonary irritants, and she is limited to noncomplex job tasks. (*Id.*).

At Step Four, the ALJ determined, through the date last insured, Hicks is unable to perform any past relevant work. (Tr. 56). At Step Five, the ALJ determined, based on Hicks' age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Hicks could perform. (*Id.*). Therefore, the ALJ determined Hicks has not been under a disability and denied Hicks' claim. (Tr. 57-58).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Hicks failed to demonstrate a disability, and the ALJ applied the proper standards to reach this conclusion. Hicks' only contention is the ALJ erred because he failed to properly analyze her obesity with her accompanying impairments in accordance with Social Security Ruling ("SSR") 02-1p, Evaluation of Obesity. (Doc. 11 at 11-15), *see* 2002 WL 34686281.

An ALJ may not make assumptions about the severity or functional limitations associated with obesity, but must evaluate the case on the information contained in the case record. SSR

02-1p, 2002 WL 34686281. Here, the ALJ properly considered Hicks' obesity in conjunction with her other impairments. Finding Hicks' severe impairments included obesity, the ALJ explained as follows:

> I have also evaluated the claimant's obesity and accompanying impairments in accordance with the Social Security Ruling 02-1p. This ruling provides that I must assess the effect that obesity has on the claimant's ability to perform routine movement and necessary physical activity within the work environment. The medical evidence of record reflects that the claimant is obese. I note that the claimant alleges no limitations due to her obesity and worked for many years despite her obesity. No treating or examining physician has placed any restrictions on the claimant due to her obesity. Therefore, I am of the opinion that the claimant's obesity does not significantly interfere with her ability to perform physical activities or routine movement consistent with the exertional requirements of the above-stated residual functioning capacity.

(Tr. 56). Plaintiff contends the ALJ failed to consider Hicks' respiratory problems and depression as being possibly impacted by her obesity and did not adequately discuss Hicks' obesity in conjuncture with her pain and musculoskeletal impairments. (Doc. 11 at 14).

Although not articulated in this isolated paragraph, the ALJ fully considered all of Hicks' severe and non-severe impairments, including those that could be associated with her obesity. (*See* tr. 49). The ALJ's findings provide sufficient evidence he considered the combined effect of Hicks' obesity with her other impairments. The consultative examination completed by Dr. Samia S. Moizuddin provides support for the ALJ's findings. (Tr. 392-96). In May 2011, Dr. Moizuddin noted Hicks' obesity. (Tr. 395). At that time, Hicks exhibited 5/5 muscle strength, symmetric and normal muscle tone, normal neck exam, no abnormal movements, normal heel and toe weight bearing, intact sensory exam, normal gait, and intact cranial nerves. (Tr. 395-96). The consultative examination performed by Renee Myers, Ph.D., provides further support for the ALJ's findings. (Tr. 387-89). In March 2011, Dr. Myers stated Hicks' depression did not prevent her from working, she could interact with others appropriately, she could respond

adequately to supervision, she could adequately learn new work tasks, she could function independently, and she could manage her own finances. (Tr. 389).

To the extent Hicks suggest SSR 02-1p requires the ALJ to include a separate individualized assessment regarding the impact of her obesity on her ability to work, the only discussion of an "individualized assessment of the impact obesity" in SSR 02-1p concerns making an individualized assessment "when deciding whether the impairment is severe." SSR 02-1p, 2002 WL 34686281, at *4. That is precisely what the ALJ did when evaluating the severity of Hicks' impairment at Step 2 of the sequential evaluation process and expressly noted Hicks' obesity significantly limited her ability to perform basic work activities. (Tr. 49).

Furthermore, the ALJ assessed the effect of Hicks' obesity on her ability to work at the fourth and fifth steps of the evaluation process. (Tr. 52-56). He specifically stated so, (tr. 56), and noted that no treating or examining physician limited Hicks' ability to perform work activities based on her obesity, (*id.*). He further stated Hicks was working for years despite her obesity. (*Id.*).

Hicks failed to meet her burden and did not provide sufficient evidence supporting her allegations of disabling pain and other symptoms. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. 404.1512(a), (c), 404.1529(a), SSR 96-7p. The ALJ properly considered the relevant evidence and performed his duty as the trier of fact of weighing and resolving any conflicts in the evidence. Substantial evidence supports the ALJ's findings and his conclusion Hicks was not disabled within the meaning of the Social Security Act.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security

denying Hicks' claim for a period of disability and disability insurance benefits is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 10th day of September 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE